IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BILL D. BURCHARD                                                                        PLAINTIFF

v.                              CIVIL NO. 07-5120

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                          DEFENDANT

## MEMORANDUM OPINION

Plaintiff Bill D. Burchard brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of Social Security (Commissioner) finding he is no longer entitled to disability benefits under the provisions of Title XVI of the Social Security Act as of December 1, 2003, due to medical improvement.

## Procedural Background:

Plaintiff filed his application for SSI on September 4, 1999. (Tr. 34, 109). Plaintiff was found to have become disabled as of September 1, 1997, by an ALJ's decision dated July 7, 2000. (Tr. 109). Pursuant to the continuing disability review process, plaintiff was determined to no longer be disabled as of December 1, 2003. (Tr. 188). A hearing was held on July 11, 2006, and the cessation of plaintiff's disability benefits was affirmed by a decision dated December 18, 2006 (Tr. 16-23). The ALJ determined that the "error exception" applied to the initial allowance of benefits in July 2000, because the record failed to show plaintiff met the Listing. (Tr. 18). The ALJ determined plaintiff had experienced a medical improvement related to his ability to work. The ALJ found as of December 1, 2003, plaintiff maintained the residual functional capacity (RFC) to perform sedentary work. From a mental standpoint, the ALJ determined plaintiff could

perform work where interpersonal contact is incidental to work performed; complexity of tasks is learned and performed by rote with few variables and little judgment; and where supervision required is simple, direct and concrete. (Tr. 19). With the help of vocational expert testimony, the ALJ determined plaintiff could perform other work as a bench assembly worker and a hand packager. (Tr. 23).

The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on June 8, 2007. (Tr. 6-9). Both parties have submitted appeal briefs and this case is before the undersigned pursuant to the consent of the parties. (Doc. # 7,9).

**Discussion:**

Our review of an administrative decision to deny Social Security benefits is limited and deferential to the agency. *See Ostronski v. Chater,* 94 F.3d 413, 416 (8th Cir. 1996). If substantial evidence in the record as a whole supports the administrative decision, it must be affirmed. *Id.* Substantial evidence means more than a mere scintilla of evidence, it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Smith v. Shalala*, 31 F.3d 715, 717 (8th Cir. 1994). In deciding whether the Commissioner's findings are supported by substantial evidence, the court must base its decision on all of the evidence in the record and not just the evidence favorable to the Commissioner, *Universal Camera Corp. v. National Labor Rel. Bd.*, 340 U.S. 474, 487-88 (1951), and must take into account whatever in the record fairly detracts from its weight. *Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992). "It is not our task, however, to review the evidence and make an independent decision. If, after review, we find it possible

to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Ostronski,* 94 F.3d 416-417 (*quoting Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)).

The initial, crucial question in a case such as this is whether the claimant's condition has improved since the prior award of disability benefits. *Nelson v. Sullivan*, 946 F.2d 1314, 1315 (8th Cir. 1991). "The claimant in a disability benefits case has a `continuing burden' to demonstrate that [he] is disabled, . . . and no inference is to be drawn from the fact that the individual has previously been granted benefits." *Id.* (internal citation omitted); 42 U.S.C. § 423(f). If a claimant meets this initial burden, the responsibility then shifts to the Commissioner to demonstrate that the claimant is not disabled. *Id.* (citing *Lewis v. Heckler*, 808 F.2d 1293, 1297 (8th Cir. 1987)). "If the government wishes to cut off benefits due to an improvement in the claimant's medical condition, it must demonstrate that the conditions which previously rendered the claimant disabled have ameliorated, and that the improvements in the physical condition are related to claimant's ability to work." *Nelson*, 946 F.2d at 1315; 20 C.F.R. § 404.1594(b)(2)-(5).[1]

According to regulations promulgated by the Commissioner, "medical improvement" is defined as any decrease in the medical severity of an impairment which was present at the time of the most recent favorable medical decision that the individual was disabled or continued to

---

[1] Pursuant to the regulations, the Commissioner is required to follow specific steps in determining whether disability continues.  The steps are:  (1) Is the individual engaging in substantial gainful activity (SGA)? (2) Does the individual have an impairment which meets or equals the severity of an impairment listed in Appendix 1? (3) Has there been medical improvement? (4) If there has been medical improvement, is it related to the ability to work? (5) Do any exceptions to the medical improvement standard apply if there has not been a medical improvement or if the improvement is not related to the ability to work? (6) Does the individual have a severe impairment or combination of impairments? (7) Can the individual do past relevant work? (8) Can the individual do any other work? 20 C.F.R. § 404.1594(f).

be disabled. 20 C.F.R. § 416.994(b)(1); *Nelson,* 946 F.2d at 1315-1316. A determination that there has been a decrease in medical severity must be based on changes in symptoms, signs, and/or laboratory findings associated with the impairment. *Id.* Medical improvement is related to the ability to do work if there has been a decrease in the severity of the impairment and an increase in the individual's ability to do basic work activities. *Id.* at § 416.994(b)(3).

After reviewing all the evidence of record we are concerned with the ALJ's RFC determination regarding plaintiff's capabilities. In particular, we are troubled by the ALJ's failure to specifically address the medical assessment completed by plaintiff's treating physician.

The medical record reveals Dr. C.R. Magness, plaintiff's treating physician, completed a mental residual functional capacity assessment. (Tr. 377-380). Dr. Magness opined plaintiff had mild limitations in his ability to carry out very short and simple instructions; to carry out detailed instructions; to make simple work-related decisions; to respond appropriately to changes in the work setting; and to be aware of normal hazards and take appropriate precautions. Dr. Magness opined plaintiff had moderate limitations in his ability to remember locations and work like procedures; to understand and remember very short and simple instructions; to maintain attention and concentration for extended periods; to ask simple questions or request assistance; to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness; to travel in unfamiliar places or use public transportation; and to set realistic goals or make plans independently of others. Dr. Magness opined plaintiff had marked limitations in his ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances; to sustain an ordinary routine without supervision; to work in coordination with or proximity to others without being distracted by them; to complete a normal

workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; to interact appropriately with the general public; to accept instructions and respond appropriately to criticism from supervisors; and to get along with coworkers or peers without distracting them or exhibiting behavioral extremes. Dr. Magness further opined plaintiff had a fair ability to follow work rules and to use judgment.[2] Dr. Magness opined plaintiff had a below fair ability to relate to co-workers, deal with the public and interact with supervisors.[3]

When reviewing the evidence, the Code of Federal Regulations sets forth additional factors, to assist the ALJ in determining what weight should be afforded to the opinion of a given physician, including a treating physician. The Regulations encourage the ALJ to afford more weight to those opinions which are "more consistent with the record as a whole." 20 C.F.R. § 416.927(d)(4). More weight is also to be extended to "the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." 20 C.F.R. § 416.927(d)(5). When presented with a treating physician's opinion, the ALJ is obligated to examine the nature and extent of the treatment relationship, attributing weight to such an opinion that is proportionate to the knowledge that the medical provider has about the plaintiff's impairments. 20 C.F.R. § 416.927(d)(2)(ii). Whether the ALJ grants a treating physician's opinion substantial or little weight, the Regulations provide that the ALJ must "always give good reasons" for the particular weight given to a treating physician's

---

[2] Fair ability is defined as an ability to function in this activity is seriously limited and not satisfactory, but not precluded. (Tr. 378).

[3] Below fair ability is defined as ability to function is markedly limited and not satisfactory, and precludes some work activities. (Tr. 378).

AO72A
(Rev. 8/82)

evaluation. 20 C.F.R § 416.927(d)(2); *see also* SSR 96-2p; *Reed v. Barnhart*, 399 F.3d 917, 921 (8th Cir. 2005). As stated above, the ALJ failed to address Dr. Magness's assessment and to give the reasons for not attributing more weight to this assessment. This error warrants remand.

On remand, the ALJ is directed to specifically address Dr. Magness's assessment. Should the ALJ determine Dr. Magness's opinion does not deserve substantial weight, the ALJ should specifically set out the reasons why Dr. Magness's opinion is not supported by the evidence of record. If further development of the record on the issue of plaintiff's mental RFC is necessary, the ALJ may also order a consultative mental exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnosis plaintiff's condition(s), and complete a medical assessment of plaintiff's mental abilities to perform work related activities. *See* 20 C.F.R. § 416.917.

The court notes plaintiff's failure to attend the consultative examinations set up by the Administration in the past. Should the ALJ determine a consultative evaluation is needed, we strongly recommend plaintiff attend this evaluation. (Tr. 395-399).

While on remand, we recommend the ALJ obtain a physical RFC assessment from plaintiff's treating and/or examining physicians. Specifically, these physicians should address plaintiff's colostomy and what, if any, limitations are caused by the colostomy. The physicians should also be asked to address plaintiff's use of a cane and whether or not the cane is needed due to an impairment.

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter

6

should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 24th day of April 2008.

/s/   J. Marschewski
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE